```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

SUE DAYOAN,                          \*

    Plaintiff,                    \*

vs.                                  \*

                                                                              CASE NO. 4:21-CV-103 (CDL)

LOUIS DEJOY, POSTMASTER              \*
GENERAL, UNITED STATES POSTAL
SERVICE,                             \*

    Defendant.                    \*

_____

## O R D E R

The Court previously granted in part and denied in part the summary judgment motion filed by the United States Postal Service ("USPS"). *Dayoan v. Dejoy*, No. 4:21-CV-103 (CDL), 2022 WL 17177714, at \*1 (M.D. Ga. Nov. 23, 2022). Sue Dayoan filed a motion for reconsideration, arguing that the Court should reconsider its decision to grant USPS summary judgment on her retaliatory termination claim. As discussed below, the motion for reconsideration (ECF No. 21) is denied.

## DISCUSSION

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered,

or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). Here, Dayoan contends that the Court erred because it overlooked certain facts.

Dayoan asserts that her supervisor, Andre Hayes, issued her a notice of removal dated September 21, 2017, which was later withdrawn. The Court assumed that the notice of removal was a materially adverse action for purposes of Dayoan's retaliation claims. But the Court found that Dayoan had not established a causal connection between her protected activity and the notice of removal because the protected activity she relied on in opposition to summary judgment was a formal EEO complaint of discrimination and Dayoan did not point to evidence that her supervisor knew about the complaint before he issued the notice. *Dayoan*, 2022 WL 17177714, at *8.

Dayoan now claims that there is a genuine fact dispute on whether Hayes issued the notice of removal because she made initial contact with USPS's equal employment opportunity office in May 2017 regarding two incidents—the denial of Dayoan's leave request and a shift where Hayes made Dayoan stand idle for thirty minutes while her colleagues worked. Hayes participated in a meeting regarding the informal complaint in June 2017. But in her response to USPS's summary judgment motion, the only protected activity Dayoan clearly relied on to support her

retaliation claims was her *formal EEO complaint*. She argued that Hayes's "hasty and frivolous termination, occurring right after Plaintiff filed her formal complaint, for an alleged deficiency that occurred ten (10) days before he decided to act, shows that this was retaliation." Pl.'s Resp. to Def.'s Mot. Summ. J. 11, ECF No. 12-1.

Dayoan did not argue that the notice of removal was causally related to an informal complaint she filed more than four months prior or to an informal meeting that happened approximately three months prior. When faced with USPS's summary judgment motion on her retaliation claims, Dayoan was required to raise all arguments that she contends precluded summary judgment in USPS's favor. Dayoan clearly could have argued that her informal complaint was causally related to her notice of removal, but she did not. She cannot now try to relitigate the issue by asking the Court to consider an argument she chose not to develop in her summary judgment response.

For all these reasons, the Court denies Dayoan's motion for reconsideration (ECF No. 21).

IT IS SO ORDERED, this 20th day of December, 2022.

                                               s/Clay D. Land
                                               CLAY D. LAND
                                               U.S. DISTRICT COURT JUDGE
                                               MIDDLE DISTRICT OF GEORGIA